UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN SCOTT CORRAL, | No. 2: 19-cv-0859 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| CORPORAL MARTINEZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to disqualify the undersigned. (ECF No. 6.) The undersigned construes plaintiff's motion to disqualify as a motion for recusal. For the reasons stated herein, plaintiff's motion is denied.

Plaintiff's motion is considered pursuant to the standards set forth in 28 U.S.C. § 144 and § 455. Specifically, Title 28 U.S.C. § 144 provides, in part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding[.]

////

////

1

Title 28 U.S.C. § 455 provides:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding....

Plaintiff alleges that the undersigned should recuse himself from this action because the undersigned denied plaintiff's habeas corpus petition in 2:14-cv-3007. Plaintiff argues that he had strong grounds for his habeas corpus petition and that the undersigned ruled against him with "extreme prejudice." Plaintiff alleges that the undersigned is "pro law-enforcement." Plaintiff alleges that the undersigned is not impartial.

The undersigned's previous adverse rulings in 14-3007 are a substantively insufficient basis to support recusal. See Liteky v. United States, 510 U.S. 540, 555 (1994) (judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999) (allegations stemming entirely from a district judge's adverse rulings do not provide an adequate basis for recusal). The proper mechanism by which to challenge an adverse ruling is an appeal, not recusal. Liteky, 510 U.S. at 555.

Plaintiff's broad and unsupported allegation fails to adequately "state the facts and the reasons for the belief that bias or prejudice exists...." 28 U.S.C. § 144. As the Supreme Court has observed:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

Liteky, 510 U.S. at 555.

Rather, recusal is warranted only by judicial remarks that "reveal an opinion that derives from an extrajudicial source [and] ... such a high degree of favoritism or antagonism as to make

fair judgment impossible." Id. See also Larson v. Palmateer, 515 F.3d 1057, 1067 (9th Cir. 2008) ("In the absence of any evidence of some extrajudicial source of bias or partiality, neither adverse rulings nor impatient remarks are generally sufficient to overcome the presumption of judicial integrity."). The Supreme Court elaborated on this distinction as follows:

> Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune.

Id. at 555–56.

Although a judge must recuse himself from any proceeding in which any of the criteria noted above apply, he or she must not simply recuse out of an abundance of caution when the facts do not warrant recusal. Rather, there is an equally compelling obligation not to recuse where recusal in not appropriate. See United States v. Holland, 519 F.3d 909, 912 (9th Cir. 2008) ("We are as bound to recuse ourselves when the law and facts require as we are to hear cases when there is no reasonable factual basis for recusal."); see also United States v. Snyder, 235 F.3d 42, 45 (1st Cir. 2000) ("[J]udges are not to recuse themselves lightly under § 455(a)"); In re U.S., 441 F.3d 44, 67 (1st Cir. 2006) ("The trial judge has a duty not to recuse himself or herself if there is no objective basis for recusal").

As the First Circuit has explained:

> [A]n appellate court has no wish to encourage strategic moves by a disgruntled party to remove a judge whose rulings the party dislikes. "[T]he disqualification decision must reflect not only the need to secure public confidence through proceedings that appear impartial, but also the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking."

In re U.S., 441 F.3d at 67 (quoting In re Allied-Signal Inc., 891 F.2d 967, 970 (1st Cir. 1989).

In the instant case, none of the elements supporting recusal are present nor are they reasonably inferred by plaintiff's allegations. Under these circumstances, no "reasonable observer who is informed of all the surrounding facts and circumstances" would conclude that the

3

undersigned's impartiality might be reasonably questioned in this action.  <u>In re Marshall</u>, 721 F.3d 1032, 1041 (9th Cir. 2013) (quoting <u>Cheney v. U.S. District Court</u>, 541 U.S. 913, 924 (2004)).  For all of these reasons, plaintiff's motion for recusal is denied.

      Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to disqualify the undersigned (ECF No. 6), construed as a motion for recusal, is denied.

Dated:  September 13, 2019

                                        KENDALL J. NEWMAN
                                        UNITED STATES MAGISTRATE JUDGE

Cor849.rec